UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE INSURANCE COMPANY
OF FLORIDA and NATIONWIDE MUTUAL
INSURANCE COMPANY,                                  Case No.
                                                    Hon.

     Plaintiff,

v

OXFORD HYPERBARIC OXYGEN THERAPY
CENTER LLC D/B/A THE OXFORD CENTER,
TAMELA PETERSON, JEFFREY MOSTELLER,
GARY MARKEN, ALETA H. MOFFITT, JAMES
COOPER and JUANA COOPER,  as Personal
Representatives of the Estate of  Thomas Cooper,
a Deceased Minor,

     Defendants.

_____/

Michael F. Schmidt (P25213)
HARVEY KRUSE, P.C.
Attorney for Plaintiff
1050 Wilshire Drive, Suite 320
Troy, MI 48084
(248) 649-7800
(248)649-2316 (fax)
mschmidt@harveykruse.com
_____/

HARVEY KRUSE   A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

A civil action involving parties arising out of the transaction or occurrence alleged in this complaint has been previously filed in the Oakland County Circuit Court.  The action is entitled *James Cooper and Juana Cooper, as Personal Representatives of the Estate of Thomas Cooper, a Deceased Minor v Sechrist Industries, Inc., Oxford Hyperbaric Oxygen Therapy Center LLC d/b/a Oxford Hyperbaric Oxygen Therapy Center LLC, Oxford Kids Foundation, Tamela Peterson, Jeffrey Mosteller,*

*Gary Marken, Aleta H. Moffitt and Office Ventures Troy I LLC*, Civil Action No. 2025-217729-NP and assigned to Judge Yasmine I. Poles.

## DECLARATORY COMPLAINT

## DEMAND FOR JURY TRIAL

NOW COMES the plaintiffs, NATIONWIDE INSURANCE COMPANY OF FLORIDA and NATIONWIDE MUTUAL INSURANCE COMPANY, by and through their attorneys, HARVEY KRUSE, P.C., and for their declaratory complaint state as follows:

### JURISDICTIONAL ALLEGATIONS

1. The plaintiff, Nationwide Insurance Company of Florida ("Nationwide") is an Ohio corporation with its principal place of business located in Columbus, Ohio.

2. The plaintiff, Nationwide Mutual Insurance Company ("Nationwide Mutual") is an Ohio corporation with its principal place of business located in Columbus, Ohio.

3. The defendant Oxford Hyperbaric Oxygen Therapy Center LLC d/b/a The Oxford Center ("The Oxford Center"), is a Michigan limited liability company with its principal place of business located in Livingston County, Michigan.

HARVEY KRUSE
A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526 248-649-7800

4.      The defendant Tamela Peterson ("Peterson) is a resident of the City of Brighton, Livingston County, Michigan.

5.      The defendant Jeffrey Mosteller ("Mosteller") is a resident of Clinton Township, Macomb County, Michigan.

6.      The defendant Gary Marken ("Marken") is a resident of Spring Arbor, Jackson County, Michigan.

7.      The defendant Aleta H. Moffitt ("Moffitt") is a resident of Rochester Hills, Oakland County, Michigan.

8.      The defendants James Cooper and Juana Cooper, as Personal Representatives of the Estate of Thomas Cooper, a Deceased Minor, are residents of Royal Oak, Oakland County, Michigan.

9.      The amount in controversy is in excess of $75,000, exclusive of interest and costs.

10.      There is jurisdiction in the U.S. District Court pursuant to 28 U.S.C. § 1332(a) because this case involves a controversy between citizens of different states, the plaintiffs are incorporated in the State of Ohio with their principal places of business located in Columbus, Ohio, the defendant The Oxford Center is a Michigan limited liability company, with its principal place of business located in Livingston County, Michigan, the defendants Peterson, Mosteller, Marken and Moffitt are all residents of the State of Michigan, the defendants James Cooper and

Juana Cooper, as Personal Representatives of the Estate of Thomas Cooper, a Deceased Minor, are residents of the State of Michigan, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

11.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure, Nationwide and Nationwide Mutual seek a declaratory judgment that they have no duty to defend, indemnify or provide insurance coverage to The Oxford Center, Peterson, Mosteller, Marken and Moffitt for the claims made against them in the underlying action, *James Cooper and Juana Cooper, as Personal Representatives of the Estate of Thomas Cooper, a Deceased Minor v Sechrist Industries, Inc., Oxford Hyperbaric Oxygen Therapy Center LLC d/b/a Oxford Hyperbaric Oxygen Therapy Center LLC, Oxford Kids Foundation, Tamela Peterson, Jeffrey Mosteller, Gary Marken, Aleta H. Moffitt and Office Ventures Troy I LLC*, pending in the Oakland County Circuit Court, Civil Action No. 2025-217729-NP assigned to Judge Yasmine I. Poles (hereinafter the "underlying action").  A copy of the complaint in the underlying action is attached hereto as Exhibit 1.  Nationwide also seeks reimbursement of all costs incurred by it in its defense of The Oxford Center, Peterson, Mosteller, Marken and Moffitt pursuant to its reservation of rights.

HARVEY KRUSE    A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

## **GENERAL ALLEGATIONS**

12.    Nationwide issued a Premier Businessowners Policy ("Nationwide Businessowners Policy") to The Oxford Center, policy no. ACP BP013068593328 with a policy period from 02/01/2024 to 02/01/2025 which included a Premier Businessowners Liability Coverage Form, a copy of which is attached as Exhibit 2.

13.    Nationwide Mutual issued a Commercial Umbrella Policy ("Nationwide Mutual Umbrella Policy") to The Oxford Center, policy no. ACP CU013068593328 with a policy period from 02/01/2024 to 02/01/2025 which included a Commercial Liability Umbrella Coverage Form, a copy of which is attached as Exhibit 3.

14.    The underlying complaint alleges the injuries and death of the deceased minor resulted from treatment by hyperbaric oxygen therapy, referred to as "HBOT," in a hyperbaric chamber.

15.    The underlying complaint further alleges that the FDA has approved such HBOT treatment for only 13 conditions, but that The Oxford Center publicly and deceitfully advertised and sold treatment plans for hyperbaric treatment for over 100 conditions alleged in the complaint which included Attention Deficit Disorder.

**HARVEY KRUSE**   A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

16.    The underlying complaint further alleges that the hyperbaric chamber involved in the current case was designed and manufactured by defendant Sechrist Industries, Inc. and sold to The Oxford Center.

17.    The underlying complaint further alleges that it was the policy, custom and practice of The Oxford Center that it would treat "whatever condition as long as it put bodies in the chambers."

18.    The underlying complaint further alleges that The Oxford Center had offered treatment for multiple conditions that had not been approved by the FDA due to the unproven efficacy of HBOT treatment for those conditions.

19.    The underlying complaint further alleges that The Oxford Center and its employees were "essentially conducting 'human experiments' on young Thomas Cooper and countless others on a daily basis."

20.    The underlying complaint further alleges that on December 6, 2024, The Oxford Center nurse Elina Giacalone completed the General Discovery Form for Thomas Cooper as part of The Oxford Center intake process and the stated goals of the treatment were to address "ADHD Symptoms, Hyperactivity, Sleep and Overall Health," and that HBOT treatment for these conditions was not approved by the FDA.

6

21. The underlying complaint further alleges that The Oxford Center and its employees knew or should have known that Thomas Cooper's conditions were not approved ailments for HBOT treatment.

22. The underlying complaint further alleges that The Oxford Center's "Hyperbaric Oxygen Therapy Consent" form specifically and intentionally failed to warn Plaintiffs that hyperbaric oxygen therapy posed a serious risk of death if a fire or explosion occurred during treatment.

23. The underlying complaint further alleges that on January 31, 2025, the Plaintiff Thomas Cooper was "placed in chamber treatment at THE OXFORD CENTER" in a Sechrist Hyperbaric Chamber and that The Oxford Center and its employees failed to warn Thomas Cooper's parents, James Cooper and Juana Cooper, of the deadly hazards posed by the Sechrist chamber, and The Oxford Center and its employees failed to take any reasonable safety measures to mitigate the deadly hazards.

24. The underlying complaint further alleges that on January 31, 2025, a fire started in the chamber and Thomas Cooper was burned to death over the course of minutes.

25. The underlying complaint further alleges that all of the Defendants knew that once a fire starts in the chamber, it becomes an uncontrollable inferno in seconds, and the pressurized door cannot be opened until the chamber has slowly

decompressed and with this actual knowledge all of the defendants did nothing to mitigate this deadly hazard and failed to warn James and Juana Thomas that their son would certainly be killed if the chamber caught fire.

26.    The underlying complaint further alleges that all of the Defendants actively concealed the dangers by omitting any mention of fire or explosion hazards in any consent forms or user manuals.

27.    The underlying complaint further alleges that the defendants knew that many "patients" would forgo hyperbaric oxygen therapy (HBOT) treatment if they knew that each time they entered the chamber a simple spark of static electricity could result in them being burned alive in the chamber with no possibility of escape.

28.    The underlying complaint further alleges that the conscious disregard of providing warnings by the Defendants was critical to their business model which chose profits over people, consigning "patients" to be strapped into a chamber that became a human incinerator the instant a spark ignited.

29.    The underlying complaint further alleges that the Defendants' conduct was not mere negligence, but was conscious, deliberate and depraved and the Defendants knew with absolute certainty that if a fire occurred in one of its chambers, the "patient" inside would be burned alive, with zero chance of survival.

**HARVEY KRUSE**    A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

30.     The underlying complaint further alleges that despite this knowledge, The Oxford Center and its employees refused to mitigate any of the dangers, refused to warn and refused to take any action to prevent the inevitable.

31.     The underlying complaint further alleges that the death of five year old Thomas Cooper was not a tragic accident, but rather was a foreseeable, inevitable and virtually certain result of Defendants' callous and indifference to human life and that Thomas Cooper paid the ultimate price for the Defendants' corporate greed.

32.     The underlying complaint further alleges that The Oxford Center and its employees had actual knowledge that the hyperbaric oxygen chamber was defective and of the substantial likelihood that the defect would cause plaintiff Thomas Cooper injuries and death and willfully disregarded that knowledge.

33.     The underlying complaint further alleges that The Oxford Center and its employees made representations and/or statements that the hyperbaric oxygen chamber was free from defect and/or fit for its intended purpose, and breached these express warranties provided to Plaintiffs.

34.     The underlying complaint further alleges that The Oxford Center and its employees knew or should have known of the risk of injury with respect to the foreseeable use and/or misuse of the hyperbaric oxygen chamber and did not

HARVEY KRUSE   A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

provide effective communication of adequate, accurate information essential for informed consent and for the safe use of the product.

35. The underlying complaint further alleges that The Oxford Center had a non-delegable duty to maintain its premises in a reasonably safe condition and to remedy, remove or correct the unsafe condition or warn of its presence and failed to do so.

36. The underlying complaint further alleges that The Oxford Center and its employees made representations and/or statements that the hyperbaric oxygen chamber was free from defect and/or fit for its intended purpose and failed to warn of the inherent and deadly hazards associated with the hyperbaric oxygen chamber and failed to mitigate the inherent and deadly hazards before placing Thomas Cooper in the chamber and failed to properly and quickly extract Thomas Cooper from the chamber once it became engulfed in fire.

37. The underlying complaint further alleges that The Oxford Center is responsible for the negligent acts of its employees Mosteller, Marken and Moffitt and failed to insure that its employees were properly trained, licensed and/or supervised to operate the hyperbaric oxygen chamber; failed to hire, manage, supervise and train its employees to be competent to operate, inspect and maintain the hyperbaric oxygen chamber; failed to provide safety devices to its employees; failed to create, implement and enforce an inspection and maintenance policy and

HARVEY KRUSE A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526 248-649-7800

procedure to prevent the operation of the unsafe hyperbaric oxygen chamber; failed to create, implement and enforce policies and procedures to prevent incidents such as in the current case; failed to hire employees competent and capable of acting reasonably under the circumstances including emergency extractions; failed to conduct adequate background and criminal checks; failed to properly train employees in emergency situations involving hyperbaric oxygen chambers; failed to obey all applicable National Board of Diving and Hyperbaric Medical Technology standards, practices and protocols and failed to warn the decedent and his parents prior to the incident.

38.     In addition, criminal charges have been filed against The Oxford Center employees arising out of the injuries and death of Thomas Cooper: against Peterson for homicide-murder-second degree and homicide-manslaughter-involuntary; against Marken for homicide-murder-second degree and homicide-manslaughter-involuntary; against Mosteller for homicide-murder-second degree and homicide-manslaughter-involuntary, and against Moffitt for homicide-manslaughter-involuntary and medical record-intentionally placed false info on chart – ACP.

## NATIONWIDE BUSINESSOWNERS POLICY

39.     The Nationwide Businessowners Policy lists the Named Insured as OXFORD HYPERBARIC OXYGEN THERAPY CENTER LLC – D/B/A THE

OXFORD CENTER.  (Ex 2, dec page 1 of 19).

40.    **THE LIABILITY COVERAGE FORM** Section **I. COVERAGES A. COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY** provides the following Insuring Agreement:

> Various provisions in this policy restrict coverage.  Please read the entire policy carefully to determine rights, duties and what is and is not covered.

<div align="center">* * * *</div>

**I.    COVERAGES**

A.    **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.    **INSURING AGREEMENT**

a.    We will pay those sums up to the applicable Limit of Insurance that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages for which there is coverage under this policy.

HOWEVER, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

We may, at our sole discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section III. LIMITS OF INSURANCE; and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under COVERAGES A or B or medical expenses under COVERAGE C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS – COVERAGES A AND B.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

(2) The "bodily injury" or "property damage" occurs during the policy period; and

\* \* \* \*

(Ex 2, **LIABILITY COVERAGE FORM**, p 2 of 25)

41. The **LIABILITY COVERAGE FORM** contains the following definitions:

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the Company providing this insurance. The word "insured" means any person or organization qualifying as such under Section II. WHO IS AN INSURED. Other

words and phrases that appear in quotation marks have special meaning. Please refer to Section V. DEFINITIONS. (Ex 2, p 2 of 25)

\* \* \* \*

## V.   DEFINITIONS

The terms "you", "your", "we", "us", "our" and "insured" are defined in the Preamble of this Coverage Form. The following words or phrases, which appear in quotation marks throughout this Coverage Form and any of its endorsements, are defined as follows:

\* \* \* \*

3.   **"Bodily injury"** means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \* \*

5.   **"Employee"** includes a "leased worker."  "Employee" does not include a "temporary worker."

6.   **"Executive officer"** means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document

\* \* \* \*

14.   **"Occurrence"** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \* \*

19.   **"Suit"**   means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged.  "Suit" includes:

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS     A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

a.   An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

b.   Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent. (Ex 2, pp 21-25 of 25)

\* \* \* \*

21.   **"Volunteer worker"** means a person who is not your "employee," and who donates his or her work and acts at the direction of and within the scope of duties determined by you and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

\* \* \* \*

42.   The **LIABILITY COVERAGE FORM** contains a provision regarding **II. WHO IS AN INSURED** which provides:

**II.   WHO IS AN INSURED**

1.   If you are:

\* \* \* \*

c.   A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

\* \* \* \*

2.   Each of the following is also an insured:

15

a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. (Ex 2, pp 17 of 25)

\* \* \* \*

43. The **LIABILITY COVERAGE FORM** contains the following exclusions:

2. **EXCLUSIONS**

This insurance, including any duty we have to defend "suits", does not apply to:

a. **Expected Or Intended Injury**

"Bodily injury" or "property damage" which is expected or intended by the insured. This exclusion applies even if the resulting "bodily injury" or "property damage":

(1) Is of a different kind, quality or degree than initially expected or intended; or

(2) Is sustained by a different person, entity, real property, or personal property than that initially expected or intended.

HOWEVER, this exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\* \* \* \*

16

v.    **Professional Services**

"Bodily injury" or "property damage" that arises out of or is a result of the rendering of, or failure to render, any professional service, treatment, advice or instruction. This exclusion includes, but is not limited to, any:

(1)    Legal, accounting, insurance, real estate, financial, advertising or consulting service, advice or instruction;

(2)    Preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications;

(3)    Supervisory, inspection, engineering, or architectural service, advice or instruction;

(4)    Medical, surgical, psychiatric, chiropractic, chiropody, physiotherapy, osteopathy, acupuncture, dental, x-ray, nursing or any other health service, treatment, advice or instruction;

(5)    Any psychological therapy or any other counseling or mental health service, treatment, advice or instruction;

(6)    Any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming, including but not limited to cosmetology, tonsorial, tattooing, tanning or massage;

(7)    Optometry or optical or hearing aid service, treatment, advice or instruction, including the prescribing, preparation, fitting, demonstration or distribution of ophthalmic lenses and similar products or hearing aid devices;

**HARVEY KRUSE**    A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

(8)    Ear or other body piercing service, treatment, advice or instruction;

(9)    Service, treatment, advice or instruction in the practice of pharmacy; or

(10)   Electronic data processing, computer consulting or computer programming services, advice or instruction.

This exclusion applies even if the claims allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by an insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the rendering or failure to render of any professional service.  (Ex 2, pp 3, 8-9 of 25)

## NATIONWIDE MUTUAL UMBRELLA POLICY

44.   The Nationwide Mutual Umbrella Policy lists the Named Insured as:

OXFORD HYPERBARIC OXYGEN THERAPY CENTER LLC – D/B/A THE

OXFORD CENTER.  (Ex 3, dec page 1 of 6).

45.   The Nationwide Mutual Umbrella Policy contains a COMMERCIAL

UMBRELLA SCHEDULE which lists the Schedule of Underlying Insurance as

including the Nationwide Businessowners Policy.

46.   The **SECTION I – COVERAGES** provide the following Insuring

Agreement for **COVERAGE A – BODILY INJURY AND PROPERTY**

**DAMAGE LIABILITY**:

**HARVEY KRUSE**   A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

\* \* \* \*

**SECTION I - COVERAGES**
**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.    **Insuring Agreement**

a.    We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. At our discretion, we may investigate any "occurrence" that may involve this insurance and settle any resultant claim or "suit" for which we have the duty to defend. But:

(1)    The amount we will pay for the "ultimate net loss" is limited as described in Section III - Limits Of Insurance; and

(2)    Our right and duty to defend ends when we have used up the applicable limit of

insurance in the payment of judgments or settlements under Coverages A or B.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B.**

a. This insurance applies to "bodily injury" or "property damage" that is subject to an applicable "retained limit". If any other limit, such as a sublimit, is specified in the "underlying insurance", this insurance does not apply to "bodily injury" or "property damage" arising out of that exposure unless that limit is specified in the Declarations under the Schedule of "underlying insurance".

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"

(2) The "bodily injury" or "property damage" occurs during the policy period; and (Ex 3, p 1 of 17)

\* \* \* \*

47. The Nationwide Mutual Umbrella Policy contains the following definitions:

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** - Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** -Definitions. (Ex 3, p 1 of 17)

* * * *

## SECTION V – DEFINITIONS

* * * *

3.    "Bodily injury" means bodily injury, disability, sickness or disease sustained by a person, including death resulting from any of these at any time.  "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury."

* * * *

6.    "Employee" includes a "leased worker."  "Employee" does not include a "temporary worker."

7.    "Executive officer" means a person holding any of the officer positions created by your charter, constitution, bylaws or any other similar governing document.

* * * *

13.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * * *

19.    "Retained limit" means the available limits of "underlying insurance" scheduled in the Declarations or the "self-insured retention", whichever applies.

* * * *

**HARVEY KRUSE**  A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

21.    "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged.  "Suit" includes:

    a.    An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

    b.    Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent or the "underlying insurer's" consent".

* * * *

23.    "Ultimate net loss" means the total sum, after reduction for recoveries or salvages collectible, that the insured becomes legally obligated to pay as damages by reason of settlement or judgments or any arbitration or other alternate dispute method entered into with our consent or the "underlying insurer's" consent.

24.    "Underlying insurance" means any policies of insurance listed in the Declarations under the Schedule of "underlying insurance".

25.    "Underlying insurer" means any insurer who provides any policy of insurance listed in the Schedule of "underlying insurance".

26.    "Volunteer worker" means a person who is not your "employee," and who donates his or her work and acts as the direction of and within the scope of duties determined by  you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.  (Ex 3, pp 14-17 of 17)

**HARVEY KRUSE**  ATTORNEYS & COUNSELORS     A PROFESSIONAL CORPORATION  1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

48.    The Nationwide Mutual Umbrella Policy provides regarding **WHO IS AN INSURED**:

**SECTION II – WHO IS AN INSURED**

1.    Except for liability arising out of the ownership, maintenance or use of "covered autos:

    a.  If you are designated in the Declarations as:

<div align="center">* * * *</div>

       (3)    A limited liability company, you are an insured.  Your members are also insureds, but only with respect to the conduct of your business.  Your managers are insureds, but only with respect to their duties as your manager.

<div align="center">* * * *</div>

    b.  Each of the following is also an insured:

       (1)    Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business . . . .  (Ex 3, pp 9-10 of 17)

49.    The Nationwide Mutual Umbrella Policy contains the following Exclusions:

**2.    Exclusions**

**HARVEY KRUSE**  A PROFESSIONAL CORPORATION  ATTORNEYS & COUNSELORS  1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

This insurance does not apply to:

**a.**     **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

* * * *

**s.**     **Professional Services**

"Bodily injury" or "property damage" due to rendering of or failure to render any professional service. This includes but is not limited to:

(1)     Legal, accounting or advertising services;

(2)     Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings or specifications;

(3)     Inspection, supervision, quality control, architectural or engineering activities done by or for you on a project on which you serve as construction manager;

(4)     Engineering services, including related supervisory or inspection services;

(5)     Medical, surgical, dental, X-ray or nursing services treatment, advice or instruction;

(6)     Any health or therapeutic service treatment, advice or instruction;

(7)     Any service, treatment, advice or instruction for the purpose of appearance or skin enhancement,

24

hair removal or replacement, or personal grooming or therapy;

(8) Any service, treatment, advice or instruction relating to physical fitness, including service, treatment, advice or instruction in connection with diet, cardiovascular fitness, bodybuilding or physical training programs;

(9) Optometry or optical or hearing aid services including the prescribing, preparation, fitting, demonstration or distribution of ophthalmic lenses and similar products or hearing aid devices;

(10) Body piercing services;

(11) Services in the practice of pharmacy;

(12) Law enforcement or firefighting services; and

(13) Handling, embalming, disposal, burial, cremation or disinterment of dead bodies.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", involved the rendering of or failure to render any professional service. (Ex 2, pp 2, 5 of 17)

* * * *

## COUNT I – DECLARATORY JUDGMENT

50. Plaintiffs repeat and reallege all of the allegations contained in all other paragraphs of this declaratory complaint as thought set forth fully herein.

51. Under the Nationwide Businessowners Policy, Nationwide has no duty to provide coverage or a defense to The Oxford Center, Peterson, Mosteller,

HARVEY KRUSE

ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

Marken or Moffitt for the claims made against them in the underlying action for the following reasons:

    a.  There was no "bodily injury" or "property damage" caused by an "occurrence," as those terms are defined by the policy.

    b.  Even if there was an "occurrence," the Expected or Intended Injury exclusion would apply.

    c.  Even if there was an "occurrence," the Professional Services exclusion would apply.

52.    Under the Nationwide Mutual Umbrella Policy, Nationwide Mutual has no duty to provide coverage or a defense to The Oxford Center, Peterson, Mosteller, Marken, or Moffitt for the claims made against them in the underlying action for the following reasons:

    a.  There was no "bodily injury" or "property damage" caused by an "occurrence," as those terms are defined by the policy.

    b.  Even if there was an "occurrence," the Expected or Intended Injury exclusion would apply.

    c.  Even if there was an "occurrence," the Professional Services exclusion would apply.

53.    It is well settled insurance law in Michigan and throughout the United States that liability policies such as the Nationwide Businessowners Policy and the

HARVEY KRUSE  A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

Nationwide Mutual Umbrella Policy do not provide coverage or charge premiums for professional services risks and such risks are insured by Professional Liability Policies which charge higher premiums to provide coverage for the greater risks involved in providing professional services coverage.

54.     As held by the Sixth Circuit Court of Appeals in *Orchard, Hiltz & McCliment, Inc. v Phoenix Insurance Co,* 676 Fed Appx 515 (6th CA, 2017): "Michigan courts, however, have generally interpreted professional services exclusions broadly. See, e.g., *Am. Fellowship Mut. Ins. Co. v Ins. Co. of N.Am.,* 90 Mich App 633, 282 NW2d 425, 428 (1979) . . . Phoenix and Federated provided *general* liability policies that were never intended to cover professional negligence claims. Indeed, plaintiff's *professional* liability insurer defended it in both underlying tort actions . . ." See also, *Singh, RX, PLLC et al v Selective Insurance Company of South Carolina,* 2025 WL 1103968 (6th CA, 2025), where the Sixth Circuit Court of Appeals held: "Michigan courts have interpreted professional services exclusions broadly, to encompass 'acts reasonably related to the overall provision of professional services.'"

55.     As held by the Michigan Supreme Court in *Henderson v State Farm Fire and Cas Co,* 460 Mich 348, 354; 596 NW2d 190 (1999): "A court must not hold an insurance company liable for a risk that it did not assume."

**HARVEY KRUSE**  A PROFESSIONAL CORPORATION  
ATTORNEYS & COUNSELORS  
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

56.    In accord with these authorities, The Oxford Center obtained a HEALTHCARE PROFESSIONAL LIABILITY COVERAGE Form policy from Arch Insurance Company, policy no. FLP5000621-00 with a policy period from 03/02/2024 to 02/02/2025.

WHEREFORE, plaintiffs Nationwide Insurance Company of Florida and Nationwide Mutual Insurance Company pray for a judgment declaring that they have no duty to defend or provide coverage to defendants Oxygen Hyperbaric Oxygen Therapy Center, LLC, Tamela Peterson, Jeffrey Mosteller, Gary Marken and Aleta Moffitt for any of the claims made against them in the underlying action, and for its costs and attorney fees incurred in this case, and for all other and further relief to which it may be entitled.

<div style="margin-left:40%">

Respectfully submitted,

HARVEY KRUSE, P.C.

BY:/s/Michael F. Schmidt
   Attorney for Plaintiffs
   1050 Wilshire Dr., Suite 320
   Troy, Michigan 48084-1526
   (248) 649-7800
   mschmidt@harveykruse.com

</div>

DATED:  November 20, 2025

## **DEMAND FOR JURY TRIAL**

NOW COME the plaintiffs, NATIONWIDE INSURANCE COMPANY OF FLORIDA and NATIONWIDE MUTUAL INSURANCE COMPANY, by and through their attorneys, HARVEY KRUSE, P.C., and hereby demand a trial by jury.

HARVEY KRUSE, P.C.

BY:/s/Michael F. Schmidt
Michael F. Schmidt P25213
Attorney for Plaintiffs
1050 Wilshire Dr., Suite 320
Troy, Michigan 48084-1526
(248) 649-7800
mschmidt@harveykruse.com

DATED:  November 20, 2025