UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE INSURANCE COMPANY
OF FLORIDA and NATIONWIDE MUTUAL
INSURANCE COMPANY,

      Plaintiffs,

vs.

OXFORD HYPERBARIC OXYGEN THERAPY
CENTER LLC D/B/A THE OXFORD CENTER,
TAMELA PETERSON, JEFFREY MOSTELLER,
GARY MARKEN, ALETA H. MOFFITT, JAMES
COOPER and JUANA COOPER, as Personal
Representatives of the Estate of Thomas Cooper,
a Deceased Minor,

      Defendants.

Case No. 25-13720

Hon. F. Kay Behm

Magistrate Judge
Elizabeth A. Stafford

---

**DEFENDANT GARY MARKEN'S ANSWER TO COMPLAINT,
AFFIRMATIVE DEFENSES AND RELIANCE ON JURY DEMAND**

NOW COMES Defendant GARY MARKEN ("Marken"), by and through his

attorney, YOUNG INSURANCE LAW, and for his Answer to Complaint, Affirmative

Defenses and Reliance on Jury Demand, states as follows:

## JURISDICTIONAL ALLEGATIONS

1.      Defendant Marken is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies it as untrue.

2.      Defendant Marken is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies it as untrue.

3.      Defendant Marken is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies it as untrue.

4.      Defendant Marken is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies it as untrue.

5.      Defendant Marken is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies it as untrue.

6.      Admitted.

7.      Defendant Marken is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies it as untrue.

8.      Defendant Marken is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies it as untrue.

9.      Defendant Marken is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies it as untrue.

10.      Defendant Marken is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies it as untrue.

11.      Defendant Marken admits Plaintiffs are seeking relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Fed R. Civ. P. 57, but denies it is entitled to same and further denies Plaintiffs are entitled to reimbursement of any costs incurred in the defense of Defendant Marken in the underlying action.

## **GENERAL ALLEGATIONS**

12.      Upon information and belief, admitted.

13.      Upon information and belief, admitted.

14.      Defendant Marken admits the underlying complaint makes these allegations but he is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them as untrue.

3

15.     Defendant Marken admits the underlying complaint makes these allegations but he is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them as untrue.

16.     Defendant Marken admits the underlying complaint makes these allegations but he is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them as untrue.

17.     Defendant Marken admits the underlying complaint makes these allegations but he is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them as untrue.

18.     Defendant Marken admits the underlying complaint makes these allegations but he is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them as untrue.

19.     Defendant Marken admits the underlying complaint makes these allegations but he is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them as untrue.

20.     Defendant Marken admits the underlying complaint makes these allegations but he is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them as untrue.

21.     Defendant Marken admits the underlying complaint makes these allegations but he is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them as untrue.

22.     Defendant Marken admits the underlying complaint makes these allegations but he is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them as untrue.

23.     Defendant Marken admits the underlying complaint makes these allegations but he is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them as untrue.

24.     Defendant Marken admits the underlying complaint makes these allegations but he is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them as untrue.

25.     Defendant Marken admits the underlying complaint makes these allegations but he is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them as untrue.

26.     Defendant Marken admits the underlying complaint makes these allegations but he is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them as untrue.

27.    Defendant Marken admits the underlying complaint makes these allegations but he is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them as untrue.

28.    Defendant Marken admits the underlying complaint makes these allegations but he is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them as untrue.

29.    Defendant Marken admits the underlying complaint makes these allegations but he is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them as untrue.

30.    Defendant Marken admits the underlying complaint makes these allegations but he is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them as untrue.

31.    Defendant Marken admits the underlying complaint makes these allegations but he is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them as untrue.

32.    Defendant Marken admits the underlying complaint makes these allegations but he is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them as untrue.

33. Defendant Marken admits the underlying complaint makes these allegations but he is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them as untrue.

34. Defendant Marken admits the underlying complaint makes these allegations but he is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them as untrue.

35. Defendant Marken admits the underlying complaint makes these allegations but he is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them as untrue.

36. Defendant Marken admits the underlying complaint makes these allegations but he is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them as untrue.

37. Defendant Marken admits the underlying complaint makes these allegations but he is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them as untrue.

38. Defendant Marken admits that certain criminal charges have been filed against him and that he is not guilty of those charges.

## **NATIONWIDE BUSINESSOWNERS POLICY**

39. Upon information and belief, admitted.

40.     Defendant Marken is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them as untrue.  Responding further, the actual insurance policy is the best evidence of its contents.

41.     Defendant Marken is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them as untrue.  Responding further, the actual insurance policy is the best evidence of its contents.

42.     Defendant Marken is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them as untrue.  Responding further, the actual insurance policy is the best evidence of its contents.

43.     Defendant Marken is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them as untrue.  Responding further, the actual insurance policy is the best evidence of its contents.

## NATIONWIDE MUTUAL UMBRELLA POLICY

44.     Upon information and belief, admitted.

45.     Upon information and belief, admitted.

46.     Defendant Marken is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them as untrue.  Responding further, the actual insurance policy is the best evidence of its contents.

47.     Defendant Marken is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them as untrue.  Responding further, the actual insurance policy is the best evidence of its contents.

48.     Defendant Marken is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them as untrue.  Responding further, the actual insurance policy is the best evidence of its contents.

49.     Defendant Marken is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them as untrue.  Responding further, the actual insurance policy is the best evidence of its contents.

## COUNT I – DECLARATORY JUDGMENT

50.     Defendant Marken restates and incorporates by reference his answers to paragraphs 1 - 49 above as though set forth in full herein.

51.     Defendant Marken denies this paragraph, including its subparts, as untrue.

52.     Defendant Marken denies this paragraph, including its subparts, as untrue.

53.     Defendant Marken is without knowledge or information sufficient to form a belief as to the legal conclusions of this paragraph and therefore denies them as untrue.

54.     Defendant Marken is without knowledge or information sufficient to form a belief as to the legal conclusions of this paragraph and therefore denies them as untrue.

55.     Defendant Marken is without knowledge or information sufficient to form a belief as to the legal conclusions of this paragraph and therefore denies them as untrue.

56.     Defendant Marken is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them as untrue.

WHEREFORE, Defendant GARY MARKEN respectfully requests that this Honorable Court declare the rights and duties of the parties as follows:

     a.     deny all relief sought by Plaintiff Nationwide Insurance Company of Florida;

10

b.      deny all relief sought by Plaintiff Nationwide Mutual Insurance Company;

c.      find that Plaintiffs have a duty to defend and indemnify Defendant Marken under their insurance policies for any damages awarded and all defense costs and expenses incurred in the underlying action; and

d.      award Defendant Marken whatever other relief is equitable and/or just under the circumstances.

## AFFIRMATIVE DEFENSES

NOW COMES Defendant GARY MARKEN and for his Affirmative Defenses, states as follows:

1.      Plaintiffs' Complaint and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against Defendant Marken upon which relief can be granted.

2.      Plaintiffs' claims for relief are barred, in whole or in part, by the Doctrine of Laches.

3.      Plaintiffs' claims for relief are barred, in whole or in part, by the terms and conditions contained in Plaintiffs' insurance policies.

4.      Plaintiffs have failed to perform all of its obligations under their insurance policies, thereby precluding the relief sought in its Complaint.

5.      Plaintiffs are not entitled to recover any defense costs expended in the underlying action on behalf of Defendant Marken as their insurance policies and Michigan law do not allow such recoveries.

11

6.     Plaintiffs' claims for relief are barred, in whole or in part, due to the Doctrines of Waiver and/or Estoppel.

7.     Defendant Marken made no material misrepresentations with regard the applications for Plaintiffs' insurance policies.

8.     Plaintiffs' claims for relief are barred, in whole or in part, due to its unclean hands, bad faith and/or other equitable principals.

9.     Defendant Marken has fulfilled all obligations and duties imposed upon him, either by common law, statute, course of dealing, contract or private regulation.

10.     Plaintiffs' actions with regard to Defendant Marken under their insurance policies are in violation of Michigan statutes, including, but not limited to, MCL 500.2006 and MCL 500.2026.

11.     Plaintiffs' Complaint does not describe the events and/or claims therein alleged with sufficient particularity to enable Defendant Marken to determine what additional defenses may exist in this action.  As such, Defendant Marken reserves the right to amend his Answer to Complaint, to assert additional Affirmative Defenses, and to supplement, alter or change his Answer and these Affirmative Defenses upon discovery, investigation or revelation of more definitive facts.

## RELIANCE ON JURY DEMAND

Defendant GARY MARKEN hereby relies upon the Jury Demand filed by Plaintiffs for all issues of fact raised in Plaintiffs' Complaint, and/or in any counterclaim, and/or in any amendments thereto.

Respectfully submitted,

**YOUNG INSURANCE LAW**

*/s/ Douglas Young*
Douglas Young
Attorney for Defendant Marken
117 W. 4th Street, Suite 201
Royal Oak, MI 48067
(313) 983-1235
dyoung@younginsurancelaw.com
P43808

Dated: March 31, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2026, I electronically filed the foregoing Answer, Affirmative Defenses and Reliance on Jury Demand with the Clerk of Court using the ECF System which will send notification of such filing to all counsel via the ECF system.

*/s/ Douglas Young*
Douglas Young