UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE INSURANCE COMPANY OF FLORIDA, *et al.*,

Plaintiffs,

v.

OXFORD HYPERBARIC OXYGEN THERAPY CENTER LLC, *et al.*,

Defendants.
______________________________ /

Case No. 25-13720

Hon. F. Kay Behm
U.S. District Judge

**ORDER RESOLVING SHOW CAUSE ORDER AND DECLINING TO IMPOSE SANCTIONS (ECF No. 43)**

This order is issued related to an order to show cause (ECF No. 43) following Defendants' motion to dismiss (ECF No. 16). As communicated to the parties on the record, the court identified a series of citations in Defendant's brief that did not appear to accurately reflect the proposition they are cited for, and the court questioned whether these citations were properly reviewed by counsel or complied with Rule 11. In particular, in the court's view the brief included case citations that recite the correct relevant legal rule, but then go on to hold that rule does not apply in that case – however, the cases are cited by Defendants for the proposition that the rule *should* apply. As the court

previously noted, perhaps this kind of citation could or should just be attributed to aggressive lawyering, but the repeated nature of this type of citation, and the manner in which the cases were cited, raised the issue. The court noted that more worryingly, some of Defendants' citations did not appear to substantively address the proposition they are cited for at all. And for some sets of citations, the cases simply stated the opposite of the proposition they are cited for.

The court therefore ordered Defendants' counsel to show cause why he should not be sanctioned pursuant to Rule 11(b)(2) & (c) of the Federal Rules of Civil Procedure for apparently misrepresenting the holdings of various cases, possibly in reliance on AI-generated content. *See, e.g., Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443 (S.D.N.Y. June 22, 2023). The court ordered counsel to provide, as an attachment to his submission, a complete list of all case citations in ECF No. 16 from PageID.359-61, and for each case citation in that page range, an explanation of how the case cited supports the proposition it is cited for, or an admission that it does not alongside an explanation of the proposition it does stand for. Recognizing that reasonable minds might see the issue differently, and that it did not yet have all the facts in hand, the court offered another option: If counsel disagreed with the

court's interpretation that at least some of the cited cases on the pages identified were improper, counsel should explain in additional depth why that is the case.

Counsel timely complied with the court's order and submitted a response (ECF No. 44). Counsel also analyzes, in detail, each required citation from his brief, which substantially complied with the court's instruction. Counsel, however, "respectfully disagrees with the Court's interpretation that at least some of the cases on the pages identified are improper." ECF No. 44, PageID.681. "Counsel admits that the brief did not adequately explain his reliance on the cases cited and how the differences between the facts of this case and the cited cases supported Counsel['s] arguments." *Id.* Counsel admits that he "used AI to identify the issue of abstention" and for "grammatical and stylistic corrections," but "independently researched the case law applicable" to the issues and "read the case cited before filing the motion." *Id.* at PageID.678; ECF No. 44-1, PageID.699 (declaration). On the whole, counsel's argument is thoughtful and reflects the proposition that "Counsel should have taken more time to distinguish the facts of his case from cited cases that decided issues contrary to the outcome Counsel desired in this case."

The court appreciates counsel's candor, accepts his statements that he reviewed each case before filing, and agrees that he should have taken more time to distinguish the cases he cited. The court also agrees that several of his citations directly and fully supported his case. The court agrees that this is not a case where counsel improperly relied on an AI tool to do the thinking that Rule 11 requires. *Compare Jarrus v. Governor of Mich.*, No. 25-cv-11168, 2025 LX 569887, at *5-6 (E.D. Mich. Dec. 2, 2025) ("LLMs do not perform the metacognitive processes that are necessary to comply with Rule 11. LLMs are tools that emulate the communicative function of language, not the separate and distinct cognitive process of thinking and reasoning.") (quoting citation omitted).

The court does not, however, entirely agree with counsel's characterization of his arguments. However they came to be, some of the cases cited do not truly and accurately stand for the propositions they are cited for, in the manner counsel originally cited them in his brief, and that inaccuracy poses a serious issue for the court. That is so because it required the court and its staff (not to mention the opposing party) to expend time and resources debating whether these citations (to cases that often came out the opposite way) do in fact offer support

for the argument presented, when counsel should have acknowledged the differences up front and made a good faith effort to distinguish the results. Counsel has diligently explained the differences in his brief, and the court will not belabor that analysis here. But to pick one example (and in the court's view, one of the more serious examples), Defendants argued: "Nationwide filed this federal declaratory action only after the Coopers commenced the Oakland County wrongful death case . . . . The Sixth Circuit has recognized that insurer-filed declaratory actions brought *under these circumstances* often reflect forum selection rather than necessity. *See Travelers Indem. Co. v. Bowling Green Prof'l Assocs.*, 495 F.3d 266, 272 (6th Cir. 2007)." ECF No. 16, PageID.361 (emphasis added). But *Travelers* does not say that; it reflects the opposite proposition. In *Travelers*, an insurer similarly filed a federal declaratory judgment action after proceedings were instituted in state court by its insured; it sought a federal declaration that it owed no duty to defend its insured in this instance. The court said "the district court determined correctly that no facts demonstrate that the declaratory judgment action by Travelers was an attempt at 'procedural fencing' or exude the appearance of a 'race' to judgment" and therefore that "no improper motive prompted this action[.]" *Travelers*,

495 F.3d at 272. Plaintiffs then cited another case for the same proposition: "While 'procedural fencing' need not be shown to bar jurisdiction, courts recognize that insurer-initiated declaratory actions filed *under these circumstances* risk forum shopping. *Cincinnati Specialty Underwriters Ins. Co. v. Central Kentucky Lodging, Inc.*, 565 F. Supp. 3d 912, 924–26 (E.D. Ky. 2021)." ECF No. 16, PageID.361 (emphasis added). But *Cincinnati* does not say that; again, it again came to the opposite conclusion. That case recited the rule that courts "will give plaintiffs the benefit of the doubt . . . where the federal declaratory action is filed after the state court litigation has begun[,]" and found that "[t]he traditional concerns relating to [forum shopping] are not present here" because the insurer filed after the state court case was filed. *Cincinnati*, 565 F. Supp. 3d at 923. In his response, counsel says his argument "was an overstatement." ECF No. 44, PageID.693. In his words, "the brief should have stated: 'While the Sixth Circuit will not impute improper motive where there is no evidence of procedural fencing, the facts of this case differ in important ways from the typical request for declaratory relief made in insurance indemnification disputes." *Id.* Perhaps; the court will not relitigate its opinion and order on the motion to stay in this posture. But the point is that

"overstatement" undersells the issue. Counsel cited these cases without any explanation or signal that they might stand for a different proposition. Counsel cited these cases for the proposition that "these circumstances" (meaning: this case) reflected forum shopping by Plaintiff based on the timing of the suit. The court does not agree with counsel's characterization that his own argument was "not inaccurate;" his argument was inaccurate because it failed to acknowledge the effect of the rule that courts "will give plaintiffs the benefit of the doubt . . . where the federal declaratory action is filed after the state court litigation has begun." *See Cincinnati*, 565 F. Supp. 3d at 923. That order of operations reflects the facts of this case, so that presumption of regularity applies. But counsel argued exactly the opposite: "It is well settled that this factor ***cannot*** apply in a case such as this when the declaratory case is filed ***after*** the underlying state court action has already been filed." ECF No. 20, PageID.497 (emphasis in original). As explained, neither *Travelers* nor *Cincinnati* can be fairly read to support that argument. And again, the court emphasizes, the court's concern arose because this issue was not in just two citations; this reflected a pattern across many of Defendants' citations that, while the relevant

rule was correctly cited, the cases often stood for the opposite proposition for which they were cited.

After careful consideration of counsel's argument, the court declines to impose monetary sanctions in this instance. Under these circumstances, the court feels that the effort and time required to research and submit the response to the court's show cause order should suffice to warn counsel that it expects greater candor in the future. But it does so with the reminder that citations such as the two identified above do, in this court's view, violate Rule 11, and future occurrences may see a different result. The court finds that appropriate action has been taken to satisfy the show cause order, and that order is accordingly **VACATED**.

**SO ORDERED**.

Date: August 21, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge